UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:09-cr-00023-RRB-SAO |
| Plaintiff, | **FINAL REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |
| vs. | |
| ROGER LEE SHOFFSTALL, | |
| Defendant. | |

      Defendant, Roger Lee Shoffstall, was sentenced to 38 months imprisonment, three years supervised release, $100 special assessment, and $237, 790.67 in restitution on April 16, 2010 as a result of a conviction for Evasion of Payment of Tax in violation of 26 U.S.C. § 7201.[1] On October 9, 2013, a Petition for Warrant or Summons for Offender Under Supervised Release was filed and the matter referred to a Magistrate Judge for initial appearance and, with consent of the defendant, preliminary hearing.[2] Magistrate Judge Scott Oravec set an initial appearance for November 13, 2013 and a summons was issued.[3] The summons was executed, however Defendant did not appear on November 13, 2013 and Magistrate Judge Oravec issued an arrest warrant for the defendant.[4] The arrest warrant was executed on December 9, 2013 and an initial appearance held on December 11, 2013.[5] Defendant elected to proceed pro se. Standby counsel, Mr. Jason Crawford, was appointed. A detention hearing was held and

---

[1] Jury verdict at Dkt. 76, judgment at Dkt. 108.
[2] Petition at Dkt. 207, referral at Dkt. 208.
[3] Dkt. 210 and 211.
[4] Summons was executed on October 15, 2013 at Dkt. 211. Defendant acknowledged receipt of a summons in a written "Ex Parte Notice" signed by defendant on November 3, 2013, filed with the court November 4, 2013 at Dkt. 215.
[5] Dkt. 219 and 221.

Magistrate Judge Oravec denied release of the defendant.[6] Magistrate Judge Oravec conducted a preliminary hearing on January 14, 2014.[7] United States Probation Officer Toni Ostanik testified for the United States. Advisory counsel was present and permitted to cross-examine the witness. Defendant presented no evidence. Both parties presented argument.

Upon due consideration of the information presented, the Magistrate Judge finds probable cause supporting each of the six violations contained in the Petition. Therefore, the Magistrate Judge recommends the court adopt the findings of fact as stated below and further recommends forwarding the case to the District Judge for further proceedings.

## FINDINGS OF FACT

Defendant, Roger Lee Shoffstall, was sentenced to 38 months imprisonment, three years supervised release, $100 special assessment, and $237, 790.67 in restitution on April 16, 2010 as a result of a conviction for Evasion of Payment of Tax in violation of 26 U.S.C. § 7201.[8] The judgment contained standard and special conditions of supervision, including Special Condition of Supervision 8, which stated "The Defendant shall participate in and fully comply with an outpatient mental health treatment program approved by the United States Probation Office."[9] The judgment included Standard Condition of Supervision 3 which stated "the defendant shall report to the probation officer and shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."[10] The Judgment was executed on July 27, 2010.

---

[6] Magistrate Judge Oravec denied defendant's request for release on his own recognizance on December 20, 2013. Magistrate Judge John Roberts conducted a bail review hearing on December 27, 2013 and denied defendant's requested release on proposed conditions.
[7] Dkt. 239.
[8] Jury verdict at Dkt. 76, judgment at Dkt. 108.
[9] Dkt 108.
[10] Dkt. 108.

Officer Ostanik began supervision of the defendant on January 16, 2013. Officer Ostanik saw the Defendant at least once monthly and usually only contacted him at his place of employment. Officer Ostanik kept a chronology of the events of supervision in her computer.

On September 17, 2013, Officer Ostanik called defendant at his place of employment and left a message.[11] The defendant returned her call later that day. Officer Ostanik directed the defendant to obtain a mental health evaluation at a specific date and time. Defendant did not go to the mental health provider as directed and did not obtain a mental health evaluation. Defendant has not obtained a mental health evaluation since the period of supervised release began.

On September 24, 2013, Officer Ostanik left messages with the receptionist at the defendant's place of employment asking defendant to contact her. Officer Ostanik attempted to reach the defendant to discuss the need for the mental health evaluation. The defendant did not return the phone calls or otherwise contact Officer Ostanik.

On September 25, 2013 Officer Ostanik left messages with the receptionist at defendant's place of employment asking the defendant to contact her. Officer Ostanik attempted to reach defendant to discuss the need for the mental health evaluation. The defendant did not return the phone calls or otherwise contact Officer Ostanik.

On October 1, 2013 Officer Ostanik again left messages with the receptionist at defendant's place of employment asking defendant to contact her again to reach the defendant to discuss the need for the mental health evaluation. The defendant did not return the phone calls or otherwise contact Officer Ostanik.

---

[11] Officer Ostanik communicated with defendant by leaving messages at his place of employment because typically when she tried to reach the defendant on his personal phone, he did not answer and the phone would not allow her to leave a voicemail message. The defendant had requested Officer Ostanik contact him in this manner.

On October 4, 2013, Officer Ostanik traveled to defendant's place of employment and made contact with defendant to discuss the further need for the mental health evaluation. Officer Ostanik asked the defendant if he had received her messages from September 24, 25 and October 1, 2013. Defendant replied that he had received the prior messages, but told Officer Ostanik he was not going to respond back to her. Defendant asked Officer Ostanik if she had a warrant and then declared he was not going to engage in a mental health evaluation. The defendant stated he would only talk further to the United States Supreme Court and not her.

## CONCLUSIONS OF LAW

If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.[12] The Petition for Warrant or Summons for Offender Under Supervised Release describes six violations.[13]

Violation 1 alleges that on or about September 17, 2013 the defendant violated the Special Condition of Supervision requiring the defendant to comply with mental health treatment by failing to engage in mental health treatment as directed.[14] Special Condition of Supervision 8, from defendant's judgment, states "The defendant shall participate in and fully comply with an outpatient mental health treatment program approved by the United States Probation Office."[15] Officer Ostanik told the defendant on September 17, 2013 to go to a specific mental health provider to obtain a mental health evaluation at a specific date and time. The defendant did not go to the mental health provider as directed and did not obtain a mental health evaluation. The defendant has not obtained a mental health evaluation since the period of supervised release

---

[12] Federal Rule of Criminal Procedure 32.1(b)(1)(A)
[13] Petition at Dkt 207.
[14] Petition at Dkt. 207.
[15] Judgment at Dkt. 108.

began. For this reason, the court finds probable cause exists to believe that the defendant violated the Special Condition of Supervision 8 of his judgment when on or about September 17, 2013 he did not obtain mental health treatment as directed.

Violation 2 alleges that on or about September 17, 2013 the defendant violated Standard Condition of Supervision 3 requiring the defendant to follow the instructions of the probation officer by failing to obtain a mental health evaluation as directed by Officer Ostanik.[16] Defendant's judgment included Standard Condition of Supervision 3 which stated "the defendant shall report to the probation officer and shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."[17] Officer Ostanik told the defendant on September 17, 2013 to go to a specific mental health provider to obtain a mental health evaluation at a specific date and time. The defendant did not go to the mental health provider as directed, did not obtain a mental health evaluation, and has not obtained a mental health evaluation since the commencement of his supervised release. The court finds probable cause to believe that the defendant violated Standard Condition of Supervision 3 of his judgment when on or about September 17, 2013 he did not obtain a mental health evaluation as directed by Officer Ostanik.

Violation 3 alleges that on or about September 24, 2013, the defendant violated Standard Condition of Supervision 3 requiring the defendant to follow the instructions of the probation officer by failing to report as directed.[18] Violations 4 and 5 allege the same on September 25, 2013 and October 1, 2013. Officer Ostanik left messages on each date with the receptionist at the defendant's place of employment asking the defendant to call her. The

---

[16] Petition at Dkt. 207.
[17] Judgment at Dkt. 108.
[18] Petition at Dkt. 207.

defendant did not return her phone call or otherwise contact Officer Ostanik on either September 24, September 25, or October 1, 2013. The defendant told Officer Ostanik on October 4, 2013 he had received Officer Ostanik's prior phone messages from September 24, September 25, and October 1, 2013 and chose not to call her back. He further told Officer Ostanik he would not go to a mental health evaluation. As the defendant chose to be contacted at his place of employment, the method had worked for the prior eight months, and the defendant admitted he plainly received the messages from Officer Ostanik, it is clear the defendant chose not to call or otherwise contact Officer Ostanik when she directed him to do so on September 24, September 25, or October 1, 2013. The court finds probable cause to believe that the defendant violated Standard Condition of Supervision 3 on or about September 24, September 25, and October 1, 2013.

Violation 6 alleges that on or about October 4, 2013 the defendant violated Standard Condition of Supervision 3 requiring the defendant to follow the instructions of the probation officer by failing to obtain a mental health evaluation as directed.[19] Officer Ostanik traveled to the defendant's place of employment on October 4, 2013. She met with the defendant and told him he needed to get a mental health evaluation. The defendant told her he was not going to obtain a mental health evaluation and declared he would not talk with her any further. The defendant has not obtained a mental health evaluation since his supervised release period began. The court finds probable cause to believe that the defendant violated Standard Condition of Supervision 3 of his judgment when on or about October 4, 2013 he did not obtain a mental health evaluation as directed by Officer Ostanik.

---

[19] Petition at Dkt. 207.

## CONCLUSIONS

Based on the factual findings, the Magistrate Judge finds probable cause to support each of the six violations contained in the Petition for Warrant or Summons for Offender Under Supervised Release.[20] Therefore, the Magistrate Judge recommends the court adopt the findings of fact and forward the case to the District Judge for a revocation hearing or further proceedings.[21]

IT IS SO RECOMMENDED.

DATED this 22nd day of January, 2014, at Fairbanks, Alaska.

/s/ Scott A. Oravec_____
SCOTT A. ORAVEC
United States Magistrate Judge

A party seeking to object to this finding and recommendation shall submit any objections to the District Judge, the Honorable United States District Court Judge Ralph R. Beistline, not later than **NOON on January 29, 2014** and a response to the objections shall be filed on or before **NOON on February 3, 2014**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[22] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[23] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection,

---

[20] Federal Rule of Criminal Procedure 32.1(b)(1)(A)
[21] Federal Rule of Criminal Procedure 32.1(b)(1)(C)
[22] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[23] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).

and the points and authorities in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[24]

---

[24] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).