UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 4:09-cr-00023-RRB-SAO |
| ) | |
| Plaintiff, ) | |
| ) | **FINAL REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | **REGARDING MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| ROGER LEE SHOFFSTALL, ) | |
| ) | (Docket 236 and 237) |
| Defendant. ) | |

Defendant, Roger Lee Shoffstall, was sentenced to 38 months imprisonment, three years supervised release, $100 special assessment, and $237,790.67 in restitution on April 16, 2010 as a result of a conviction for Evasion of Payment of Tax in violation of 26 U.S.C. § 7201.[1] On October 9, 2013, a Petition for Warrant or Summons for Offender Under Supervised Release was filed.[2] Mr. Shoffstall declined counsel, proceeded Pro Se, and the court appointed stand-by counsel. Magistrate Judge Scott Oravec conducted a preliminary hearing and found probable cause existed to support each of the six allegations contained in the Petition.[3]

This matter is before the court on defendant's Motion for Summary Judgment at Docket 236 and supporting Memorandum of Points and Authorities at Docket 237.[4] Relevant here, Mr. Shoffstall argued he was being charged without due process of law with having violated condition(s) of supervised release.[5] However, Mr. Shoffstall also argued the arrest warrant issued by this court was issued under a 'material false pretense' because the United States

---

[1] Jury verdict at Dkt. 76. Judgment at Dkt. 108.
[2] Petition at Dkt. 207.
[3] Final Report and Recommendation on Petition to Revoke Supervised Release at Dkt. 242.
[4] Dkt. 236 is styled as "Ex Parte Motion for Ex Parte Summary Judgment" and Dkt. 237 styled as "Ex Parte Memorandum of Points and Authorities In Support of "Ex Parte Summary Judgment."
[5] Dkt. 236, p. 4.

District Courts were invalidly created under 28 USC 1331, the 16th Amendment is invalid, and the Federal Reserve Act is unconstitutional.[6] Because these arguments either attack the underlying judgment or were previously addressed by the District Judge, this court will not consider those arguments here.[7]

Government filed an Opposition to the Motion for Summary Judgment at Dkt. 241. Government argues the District Judge's ruling at Dkt. 164, reiterated in Dkt. 176, bars this court from evaluating Ms. Shoffstall's filing at Dkt. 236 and Dkt. 237. Government further argues that Mr. Shoffstall's arguments "go to the validity of his conviction," and are hence invalid at this stage of the proceedings.[8]

The Magistrate Judge recommends denial of the Defendant's Motion at Dkt. 236 and Dkt. 237 and adoption of the findings of fact and conclusions of law for the reasons stated below.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court will evaluate Mr. Shoffstall's claim he did not receive due process of law regarding the allegations he violated his condition(s) of supervised release.

Federal Rules of Criminal Procedure 32.1 describes the procedures for revoking or modifying probation or supervised release. A person held in custody must be taken without unnecessary delay before a magistrate judge.[9] Mr. Shoffstall was arrested on December 9, 2013 and taken before a Magistrate Judge Scott Oravec first on December 11, 2013.[10] The Magistrate

---

[6] Dkt. 237, p. 4.
[7] In a Minute Order from Chambers in November 2011 denying a similar Writ of Conspiracy at Dkt. 176, the District Judge stated "he [Mr. Shoffstall] must find a different vehicle other than here, for the Final Judgment has long since been entered in this matter, the appeal process has been concluded, and this case is closed." This admonishment from Dkt. 176 quoted the District Judge's prior order from chambers at Dkt. 164.
[8] Dkt 241, Opposition at p. 5.
[9] Federal Rule of Criminal Procedure 32.1(a)(1).
[10] Dkt. 221, return of the arrest warrant. Dkt. 223, minutes of the initial appearance.

Judge is required to inform the defendant of the alleged violations of supervised release, rights to obtain counsel, and right to a preliminary hearing,[11] which the Magistrate Judge did on December 11, 2013. The Magistrate Judge may release or detain the person under 18 U.S.C. 3143(a) pending further proceedings. Multiple hearings were held at the request of the defendant to consider various release plans.[12]

A preliminary hearing must be held to determine whether there is probable cause to believe that a violation occurred.[13] Defendant must be given notice of the hearing and its purpose and the right to retain counsel; an opportunity to appear at the hearing and present evidence, and question any adverse witnesses.[14] On January 14, 2014 a preliminary hearing was conducted and a record made of the proceedings.[15] The defendant appeared pro se at his request, but with the assistance of stand-by counsel. While defendant declined to question the government's witness, stand-by counsel questioned the witness at defendant's request.[16] Therefore, this court acted within the requirements of Federal Rule of Criminal Procedure 32.1.

This court is not considering Mr. Shoffstall's argument that the arrest warrant issued by this court had no authority because the United States District Courts were invalidly created under 28 USC 1331.[17] Mr. Shoffstall made this argument in prior filings when attacking the conviction and seeking relief from the District Court Judge. The District Court Judge heard Mr. Shoffstall's argument, denied it, and addressed Mr. Shoffstall's arguments on this point in future matters, by

---

[11] FRCP 32.1(a)(3).
[12] Dkt. 230, detention hearing held on December 20, 2013 by Magistrate Judge Scott Oravec. Dkt. 235, bail review hearing held on December 27, 2013 by Magistrate Judge John Roberts.
[13] FRCP 32.1(b)(1)(A).
[14] FRCP 32.1(b).
[15] Dkt. 239, minutes of the evidentiary hearing on petition to revoke supervised release.
[16] Dkt. 239.
[17] Dkt. 237, p. 4.

his filings at Dkt. 164 and Dkt. 176.[18] This court is bound by those rulings and finds such arguments are without merit.

This court is not considering Mr. Shoffstall's argument that the 16th Amendment is invalid and the passage of the Federal Reserve Act violates the constitution. Such arguments attack the underlying judgment and hence will not be considered here. This court reiterates the District Judge's language from 2011 "[Mr. Shoffstall] he must find a different vehicle other than here, for the Final Judgment has long since been entered in this matter, the appeal process has been concluded, and this case is closed."[19]

## **CONCLUSION**

For the foregoing reasons, the court RECOMMENDS that the Defendant's Motion at Dkt. 236 and filing at Dkt. 237 be denied.

DATED this 13th day of February 2014 at Fairbanks, Alaska.

                                                        \_\_s/ SCOTT A. ORAVEC\_\_\_
                                                        SCOTT A. ORAVEC
                                                        United States Magistrate Judge

A party seeking to object to this finding and recommendation shall submit any objections to the Honorable United States District Court Judge Ralph R. Beistline, not later than **NOON on February 24, 2014** and responses to the objections shall be filed on or before **NOON on February 28, 2014**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a). The failure to object to a magistrate judge's findings of fact may be treated as a

---

[18] See Footnote 7 *supra*.
[19] Minute Order from Chambers Denying Writ of Conspiracy at Dkt. 176, quoting prior order from Chambers at Dkt. 164.

procedural default and waiver of the right to contest those findings on appeal.[20] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[21] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[22]

---

[20] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[21] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).
[22] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).